It is, therefore, ordered, that the judgment of the District
Court be affirmed with costs.

HERRIES *vs.* BOTTS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT,
JUDGE BUCHANAN PRESIDING.

A slave may appear perfectly healthy at the time of sale, and yet be
afflicted with a redhibitory disease which renders her valueless, and
does not come within the law providing for defects discoverable on
simple inspection.

A disease, although not known at the time, which renders a slave so
valueless that it must be supposed the owner would not have purchased
her had he known it, is a redhibitory one which authorizes a rescission
of the sale, and return of the price.

The plaintiff alleges, that he purchased a slave woman
from the defendant with full guarantee, for the sum of seven
hundred dollars in cash, and that since the purchase he
discovered that she was afflicted and affected with redhibitory
diseases and vices, which entitle him to the redhibitory

action, and a return of the price. He sets out the defects, which are fully stated in the opinion of this court.

The defendant pleaded a general denial, and averred he purchased said slave of one Bass, whom he calls in warranty. Bass appeared, and denied his liability as warrantor.

The evidence of physicians and others showed, that said slave was afflicted with hernia, and incurable, rendering her almost valueless. The cause was submitted to two juries, and each time there was a verdict for the plaintiff, and for the defendant against his warrantor. The defendant appealed.

*R. Hunt* and *Barton,* for the plaintiff.

*Preston* and *Larue,* contra.

*Morphy, J.,* delivered the opinion of the court.

This suit is to recover back from defendant the purchase money of a negro woman sold to the plaintiff. It is alleged, that the slave at the time of, and previous to the sale, was afflicted with a large hernia or rupture, a disease which renders her services so inconvenient and imperfect, that he would not have purchased the slave, had he known of its existence. The plaintiff is brought into this court as appellee, with two verdicts in his favor. A new trial, it appears, had been granted by the judge *a quo,* on the ground that the evidence had disclosed the defect complained of to be an apparent one, for which no action lies. On the second trial, the defendant gave in evidence the admission of the plaintiff's counsel, that when this slave was sold, she appeared to be a strong, healthy girl. This evidence seems to have been of signal advantage to the plaintiff. Its weight with the jury was such, that they gave their verdict for the plaintiff, this time, without leaving their seats. They, no doubt, concluded that the plaintiff, from this apparent state of healthiness, was deterred from making such a close examination of the girl as he might otherwise have done. The present does not appear to us to come within the cases provided for by

A slave may appear perfectly healthy at the time of sale, and yet be afflicted with a redhibitory disease which renders her valueless, and does not come within the law providing for defects discoverable on simple inspection.

law, where defects are discoverable on simple inspection. *Louisiana Code, article* 2497. To discover this malady and ascertain its character, it required, independent of professional skill, a peculiar kind of examination which is not generally resorted to in relation to female slaves, unless some suspicion is raised by their looks and appearance. That such was not the case here, the defendant has taken the trouble of sufficiently proving for the plaintiff. As to the malady itself, and its character, the testimony is strong and conclusive. Several physicians examined, agree in describing it to be an *irreducible umbilical hernia,* subjecting the woman to the continual danger of strangulation, if, in doing her work, she lifts any weight, and greatly exposing her life in case of parturition. The defendant's counsel has contended that, notwithstanding all this, it was not a redhibitory disease, and that the jury were, no doubt, scared into their verdict by the very scientific terms used by these learned gentlemen of the medical profession. If such be the case, it is fortunate for the purposes of justice that they were frightened into the right path ; but leaving aside technical names and definitions, the physicians declare, in substance, that the disease materially impairs the value of the slave, incapacitates her for any hard labor, and that she cannot even perform the household work, for which she was bought. We must, then, consider this disease as a redhibitory one, for it is not to be supposed that the plaintiff would have purchased her, had he known it. *Louisiana Code, article* 2496.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.

A disease, although not known at the time, which renders a slave so valueless, that it must be supposed the owner would not have purchased her had he known it, is a redhibitory one, which authorizes a rescission of the sale and return of the price.